UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

BILLY J. LEMOND, )
 )
             Plaintiff, )
  vs. ) No. 1:10-cv-163-WTL-JMS
 )
ALLEN FINNAN, Superintendent, et al., )
 )
             Defendant. )

**Entry Concerning Selected Matters**

    For the reasons explained in this Entry, the plaintiff's complaint is dismissed and he will be instructed and given a period of time in which to file a legally sufficient amended complaint.

**I.**

    Billy Lemond alleges that while a prisoner at the Wabash Valley Correctional Facility, an Indiana prison, the defendants failed to take proper steps to protect him from an assault by another inmate. His complaint, however, is dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim upon which relief can be granted. The court reaches this conclusion because (1) as to the John Doe defendants, "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed. R. Civ. P.* 15, nor can it otherwise help the plaintiff," *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted), and (2) as to prison Superintendent Finnan, the complaint fails to allege the personal involvement of this defendant necessary to support an Eighth Amendment violation pursuant to 42 U.S.C. § 1983. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . .").

## II.

The dismissal of the complaint will not in this instance result in the dismissal of the action. *Benjamin v. United States,* 833 F.2d 669, 671 (7th Cir. 1987).

The plaintiff will be permitted a period of time in which to conduct discovery to learn the identity of any person who could actually be liable to him for the violation of his federally secured rights he alleges. This shall proceed as follows:

   a.  Current Wabash Valley Superintendent Basinger, named in his official capacity, is **added as a defendant** for the sole purpose of permitting him to appear in the action and respond to discovery regarding prison personnel who could be properly named as defendants in this action. The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on Superintendent Basinger in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process in this case shall consist of the complaint, applicable forms and this Entry.

   b.  Superintendent Basinger need not answer the allegations of the complaint, but simply needs to appear in the action.

   c.  Once Superintendent Basinger appears in the action, the plaintiff shall have **45 calendar days** in which to serve discovery on Superintendent Basinger. Any such discovery shall be limited in scope to ascertaining the identity of any person who could actually be liable to the plaintiff for the violation of his federally secured rights he alleges.

   d.  The plaintiff shall have **60 calendar days** after Superintendent Basinger appears in the action in which to **file an amended complaint,** which will completely replace the original complaint. The amended complaint, if filed, must conform to the following guidelines:

   !  The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

   !  The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

   !  The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

If an amended complaint is filed as directed above, it too shall be subject to screening pursuant to 28 U.S.C. § 1915A(b), while if an amended complaint is not filed the action will be dismissed consistent with the ruling in Part I of this Entry.

**IT IS SO ORDERED.**

Date: 03/25/2010

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Billy J. Lemond
872105
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Superintendent James Basinger
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.