# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BILLY J. LEMOND, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:10-cv-163-WTL-MJD |
| ROBERT PIENKOS, et al., | ) |
| Defendants. | ) |

**Entry Denying Motion for Summary Judgment
and Directing Further Proceedings**

For the reasons explained in this Entry, the defendants' motion for summary judgment must be **denied** and further proceedings will be directed.

## I. Motion for Summary Judgment

### A. Background

This is a civil rights action in which Billy J. Lemond ("Lemond") claims that the defendants were deliberately indifferent to a substantial risk of serious harm by failing to protect him from an assault by another inmate on February 5, 2008, at the Wabash Valley Correctional Facility ("Wabash Valley"). The defendants assert as an affirmative defense that Lemond failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act prior to filing this action. The defendants have filed a motion for summary judgment as to this affirmative defense.

### B. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

The substantive law applicable to the defendants' motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532 (citation omitted).

"In order to properly exhaust, a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (internal quotation omitted).

### C. Discussion

The grievance process in place at Wabash Valley starts when an offender attempts to resolve his problem informally by speaking with an appropriate staff member. If the complaining offender cannot resolve the problem informally, that offender may file a formal grievance. The formal grievance process begins when an offender submits a "Level I" grievance form to the executive assistant of the facility. If a Level I grievance is accepted and reviewed by the Department of Correction ("DOC") but is not resolved to the offender's satisfaction, the offender may then submit a "Level II" appeal to the DOC Offender Grievance Manager. Generally speaking, except during periods of actual incapacity or other good cause, the time period to grieve is twenty (20) days from the occurrence of the incident in question.

Lemond recites in his sworn declaration that after he was attacked by an inmate on February 5, 2008, he was hospitalized for serious injuries and was in and out of the hospital for treatment until March 13, 2008. He asserts that he spoke with case manager Ms. Rollings around that time and she told him that he had twenty days to file a grievance about the incident. Lemond explained that he had not been physically or mentally able to file a grievance within twenty days of the incident. Lemond further states that Ms. Rollings told him that his time to file had passed and not only would a grievance be untimely, but he had not tried to resolve it informally, which meant he could not file at all. Lemond states that he asked Ms. Rollings for a grievance so he could try to file anyway, and she refused, telling him, "I have already told you why you can't file and I am not giving you a form to waste the Grievance Specialist's time."

The defendants contend that Ms. Rollings disagrees with the above characterization of the conversation between her and Lemond. However, there is no affidavit from Ms. Rollings asserting her version of what was said. The defendants urge the court to consider what happened after Lemond was transferred to another facility, Pendleton Correctional Facility ("PCF") on July 3, 2008.

Lemond alleges that on December 10, 2009, he was researching how to prepare a civil rights complaint. He alleges that at that time he talked to a clerk at the PCF law library and learned that he could file a late grievance due to his incapacity at the time of his

injury. Lemond filed a late Level I grievance, dated December 11, 2009. He asserted in the grievance that "[u]pon researching some case law, I became aware of the grievable conditions that do exist as a cause or at the least allowed the attack on me to take place." He further stated in the grievance that he had been attacked in the weight room at Wabash Valley on February 5, 2008, and that staff had failed to reasonably respond to the substantial risk of serious harm by not removing the free weights so inmates could not use them as weapons. He requested monetary damages.

Lemond has submitted documents showing the responses to his December 11, 2009, grievance. On December 21, 2009, the grievance was returned to Lemond by the PCF Grievance Executive Assistant because the grievance did not comply with several grievance procedure requirements, namely, it contained multiple issues, it was not submitted within the correct time frame, it concerned actions at another facility, and monetary compensation was not part of the grievance process. The December 21, 2009, return of grievance form notified Lemond that unless he could show just reasons for the delay, the grievance would not be reviewed. It further informed Lemond that it was his responsibility to forward the grievance to the facility involved via U.S. Mail services. Lemond was given five days to return the corrected grievance.

Lemond resubmitted the grievance on January 6, 2010. In his resubmitted grievance Lemond explained that he was filing outside of the time frames because he had been beaten so badly that he was in no shape to file a grievance within twenty days and after he was released from the infirmary thirty days later, he was told by the dorm counselor that his time limit to file had expired and she did not give him a form. He explained that he was raising only one incident and that he was filing at the PCF because the Superintendent who was at Wabash Valley at the time, Allen Finnan, was now the Superintendent at the PCF.

On January 11, 2010, the grievance was returned to Lemond again for essentially the same reasons: multiple issues, it was not timely, it concerned another facility, and money was not an available remedy. No mention was made of Lemond's explanations. Lemond resubmitted the grievance again on January 20, 2010, stating that he had responded to each compliance issue in his previous submission. On March 16, 2010, Lemond's grievance was "rejected" and returned to Lemond noting that the complaint concerned something related to another facility and it must be directed to the facility involved. Lemond's grievance was never accepted because of the errors noted on each attempt. Therefore, Lemond did not have a grievance he could appeal to Level II to complete the exhaustion process.

The defendants argue that Lemond waited an unreasonable amount of time after his conversation with Ms. Rollings to initiate the grievance process. The defendants assume that Lemond learned that he could file a late grievance in 2008 when he was transferred, but Lemond asserts that he did not learn about that possibility until December 10, 2009. He filed a grievance the next day, December 11, 2009. The defendants' invocation of the equitable doctrine of laches is not supported. Moreover, under these circumstances the equitable considerations weigh in favor of Lemond because, accepting

his version of the facts as true, he was misinformed by his case manager and he was refused the opportunity to file a late grievance in March 2008.

"[W]hen prison officials fail to provide inmates with the forms necessary to file an administrative grievance, administrative remedies are not "available." *Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2006)(internal citation omitted). Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. The fact that Lemond happened to attempt to file a grievance a year and a half later is irrelevant to the disposition of the motion for summary judgment and the defense associated with such motion. The grievance filed a year and a half later was never accepted because of timeliness and having been filed at the wrong facility--matters that would not have been barriers if Lemond had been permitted to file a grievance when he first requested it in mid-March 2008. "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The facts construed in a fashion most favorable to Lemond as the non-movant show that he was thwarted in his attempt to use the grievance system at Wabash Valley in March 2008, after he recovered sufficiently to request the proper form.

The defendants have failed to show that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law on the issue of whether Lemond exhausted his available administrative remedies. Accordingly, the defendants' motion for summary judgment [57] is **denied.**

## II. Further Proceedings

After defendant Basinger joined in the motion for summary judgment, the order extending the deadline to file his answer until further order was discharged. [docket 48, 61]. Basinger shall have **twenty (20) days** after the issuance of this Entry in which to file his answer to the amended complaint.

The parties shall have **through February 2, 2012,** in which to complete any additional written discovery and discovery depositions.

The parties shall have **through March 2, 2012,** in which to file any further dispositive motion, including any motion for summary judgment.

**IT IS SO ORDERED.**

Date: 11/30/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Billy J. Lemond
DOC #872105
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Betsy M. Isenberg
[betsy.isenberg@atg.in.gov](mailto:betsy.isenberg@atg.in.gov)